**WO**                                                                                                                          KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV 12-8132-PCT-GMS (MEA) |
| Respondent, ) | No. CR 94-266-PCT-GMS |
| v. ) | **ORDER** |
| Michael Augustine Kee, ) | |
| Petitioner. ) | |

On June 28, 2012, Petitioner Michael Augustine Kee, who is confined in the Federal Correctional Institution-Safford in Safford, Arizona, filed a *pro se* Petition for Writ of Error Coram Nobis.  On July 3, 2012, Respondent filed a Response.  The Court will dismiss the Petition.

**I.     Procedural History**

In May 1995, pursuant to a plea agreement, Petitioner pled guilty to Aggravated Sexual Abuse, in violation of 18 U.S.C. §§ 1153, 2242(2)(A) and 2245.  The plea agreement provided for a sentencing range of up to 300 months.  On May 18, 1995, the Court sentenced Petitioner to a 300-month term of imprisonment.

**II.    Petition**

Petitioner seeks to correct "errors of facts not apparent on the face of the record and unknown to the trial court" and a reduction in his sentence.

The Ninth Circuit Court of Appeals has explained the scope and nature of the federal writ of error coram nobis:

> The writ of error coram nobis affords a remedy to attack an unconstitutional or unlawful conviction in cases when the petitioner already has fully served a sentence. The petition fills a very precise gap in federal criminal procedure. A convicted defendant in federal custody may petition to have a sentence or conviction vacated, set aside or corrected under the federal habeas corpus statute, 28 U.S.C. § 2255.

Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir. 1994). Accordingly, an inmate still in custody may not apply for coram nobis relief because the more usual remedy of a habeas petition is still available. Matus-Leva, Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002).

Petitioner is still in custody and therefore may not apply for coram nobis relief. The Court will dismiss the Petition.

**IT IS ORDERED:**

(1) The Petition for Writ of Error Coram Nobis (Doc. 93 in CR 94-266-PCT-GMS) is **denied** and the civil action opened in connection with this Petition (CV 12-8132-PCT-GMS (MEA)) is **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly.

(2) In the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 2nd day of August, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge